# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BERNARD CURTIS DAVIS,

    Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants.

1:16-CV-00304 DLB PC

ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER

    Plaintiff Bernard Curtis Davis ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff consented to the jurisdiction of the Magistrate Judge on March 18, 2016.

    On April 4, 2016, the Court issued an order denying Plaintiff's application to proceed in forma pauperis and directing him to pay the filing fee for this action. The thirty (30) day period has now expired, and Plaintiff has not paid the filing fee or otherwise responded to the Court's order. Plaintiff was forewarned that the action would be dismissed if he failed to comply.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions

including, where appropriate . . . dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order

will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order expressly stated that failure to comply would "result in dismissal of this action for failure to comply with a court order."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## ORDER

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED for failure to obey the Court's order of April 4, 2016.

<u>This terminates this case in its entirety</u>.

IT IS SO ORDERED.

Dated:   **May 11, 2016**                         **/s/ Sandra M. Snyder**
                                                                    UNITED STATES MAGISTRATE JUDGE